THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, Appellant, *against* JOHN D. WENDELL, Respondent.

(Decided February 1st, 1886).

*It seems*, that the provision of the act of June 9th, 1885 (L. 1885 c. 456 § 22) requiring buildings to be kept provided with metallic leaders for conducting the water from the roof, applies to buildings erected before the passage of the act as well as to those erected subsequently.

Under the further provision of the act "that in no case shall the water from the said leaders be allowed to flow upon the sidewalk, but shall be conducted by drain-pipe or pipes to the sewer," an owner of a building erected prior to the act who permits water from the roof to be discharged from the mouth of the leader upon the public highway, is liable to the penalty imposed for a violation of the act.

APPEAL from a judgment of the District Court in the City of New York for the Third Judicial District.

The facts are stated in the opinion.

*Wm. L. Findley*, for appellant.

*M. S. Thompson*, for respondent.

PER CURIAM.—[Present, LARREMORE, Ch. J., and ALLEN and BOOKSTAVER, JJ.]—The complaint demanded judgment for a penalty of fifty dollars which, it is alleged, had accrued to the plaintiff by reason of the act of the defendant in "allowing water from the leader to flow upon the sidewalk; which water was not conducted by drain-pipe or pipes to the sewer." The complaint is founded upon section 22 and section 32 of chapter 456 of the laws of 1885. Section 32 prescribes the penalty, and authorizes the fire department to bring an action for its recovery. Section 22 provides that "*All* buildings shall be kept provided with proper metallic leaders for conducting water from the roof in such manner as shall protect the walls and foundations from damage, and *in no case* shall the water from the said

leaders be allowed to flow upon the sidewalk, but shall be conducted by drain-pipe or pipes to the sewer."

The defendant contends that that provision of the statute does not authorize this action, because the obligation to provide metallic leaders is imposed only on those who subsequently to the passage of the act may erect buildings; and the building which he owns was built long before the statute was enacted.

Though we shall place our decision on another ground, we shall ask, what is the meaning of the language that we have quoted from the statute? The first words, "all buildings," certainly are broad enough to include the building of the defendant. But are those words to be restrained in their operation by other words that show that the legislature intended to restrict them to buildings hereafter to be constructed? Section 22 begins by providing that "all exterior cornices and gutters of *all buildings hereafter to be erected* shall be of some fire-proof material," and then prescribes the manner of placing and securing the cornice in position. There can be no doubt that that clause does not apply to buildings erected prior to the passage of the act. But the provision that follows, is, that " all exterior wooden cornices that may now be, or *that may hereafter become*, unsafe, shall be taken down, and replaced; and that all exterior wooden cornices or gutters that may hereafter be damaged by fire to the extent of one third shall be taken down, and replaced by fire-proof material, but if not damaged to the extent of one third, may be repaired with the same kind of material of *which it was originally constructed*."

These provisions are clearly applicable to old buildings. It appears, therefore, that the clauses of section 22 that precede the sentence beginning with the words, " All buildings," refer, some to new buildings only, and others to both new and old buildings. It cannot, therefore, be argued that section 22 has reference only to buildings that were to be constructed subsequently to the passage of the act. Having in the preceding sentences made provision for cornices and gutters, the last sentence undertakes to provide for leaders,

by which water is to be carried away from the gutters. Its language is plain, and is applicable to "all buildings." If the question before us was, whether the defendant was bound to put a metallic leader upon a house that was in existence prior to the enactment of the statute, it is probable that we should hold that he was under that duty, and that the obligation could be enforced by a penalty. But no such question is to be decided. A much stronger case is made against the defendants. The penalty claimed is for a violation of the provision that "in no case.shall the water from the said leaders be allowed to flow upon the sidewalk." If the defendant has done what the witness for the plaintiff swears that he has done, if he has carried the water from the roof of his building, and caused it to be discharged from the mouth of the leader upon the public highway, he has done an act the repetition of which the city authorities might stop by obtaining an injunction (High on Injunctions 2nd ed. § 751). Certainly, the mere fact that his building was erected before the statute was passed, cannot secure to the defendant the right to make the highway unsafe by flooding it with water from the roof of his house. The statute of 1885 is penal, but its provisions respecting the conduct of water to the street are plain and unmistakable, and they forbid the flooding of the sidewalk by water from a leader. "In no case" shall it be allowed. Unless the defendant can in some way show that he has either a justification or an excuse for using the sidewalk as a drain for the water from his roof, he is liable to a penalty.

We think, therefore, that the judgment should be reversed, and that a new trial should be ordered, but as the question is a new one, and the case is a test case, we avail ourselves of the discretion vested in us by section 3213, and impose no costs of appeal.

Judgment reversed and new trial ordered.

A motion for leave to appeal to the Court of Appeals from the judgment entered upon the foregoing decision was

Fire Department of New York v. Wendell.

made at the succeeding General Term and the following opinion was rendered thereupon April 5th, 1886.

J. F. DALY, J.—After reading the briefs submitted in this action I am disposed to concur with the last General Term in holding that the statutory provision in question applies to all buildings in the City of New York, whether erected before or after the passage of the statute. It is true that the first section of title 5 of chapter 11 of the Consolidation Act (§ 471), and the first section of the act of 1885 (L. 1885 c. 456) declare that "no wall, structure, building, part or parts thereof shall *hereafter* be built, constructed, altered or repaired in said city except in conformity with the provisions of this title," but that declaration does not take away the power of the legislature to make regulations, in the subsequent sections of the acts, concerning buildings erected *before* such enactment; and even if it indicated an intention to confine the scope of the regulations in any way, it would not prevail over subsequent provisions indicating a different intent. Now, in section 22 of the act of 1885, and section 493 of the Consolidation Act, there is specific mention of buildings erected before the act, and buildings to be thereafter erected, and the provision violated in this case is made expressly applicable to "all buildings."

There is no pressing public necessity for sending this case to the Court of Appeals. It is true that our decision involves the construction of a public statute, but there ought to be some question concerning such construction, some doubt as to the correctness of our decision, to warrant our sending the case up as requested (*Butterfield* v. *Rudde*, 38 Super. Ct. 44).

In my opinion there is no room for doubt in this case. The motion should be denied. No costs.

LARREMORE and VAN HOESEN, JJ., concurred.

Motion denied.